**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERI BARBARA HASSMAN, M.D., | No. 10-70684 |
| Petitioner, | Agency No. 06-62 |
| v. | |
| OFFICE OF THE DEPUTY ADMINISTRATOR, DRUG ENFORCEMENT ADMINISTRATION, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Drug Enforcement Administration

Argued and Submitted February 15, 2013
San Francisco, California

Before: FARRIS and N.R. SMITH, Circuit Judges, and BURGESS, District
Judge.**

Dr. Jeri Hassman petitions for review of the Drug Enforcement

Administration's decision to deny her application for registration as a practitioner

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Timothy M. Burgess, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

authorized to dispense controlled substances after it determined that her registration would not be in the public interest. We have jurisdiction under 21 U.S.C. § 877 and uphold the DEA's decision.

Since the parties are familiar with the facts, we do not recount them here. Our task is to determine whether the final decision of the DEA is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We have reviewed the record, and conclude that the DEA examined the record as a whole, considered all important aspects of the issues raised, did not misconstrue the evidence or reach decisions that run counter to it, and relied on the five factors Congress intended it to consider in reaching its decision. *See* 21 U.S.C. § 823(f); *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc), *overruled on other grounds by American Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). Contrary to Hassman's claims, the DEA need not "write an exegesis on every contention" and the record amply demonstrates that the DEA "has heard and thought and not merely reacted." *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)) (internal quotation marks removed).

The DEA determined that the government had made a *prima facie* case against Hassman's registration because of her experience and failure to comply with relevant law, as evidenced by her (1) failure to properly monitor patients, (2) provision of unwarranted early refills, and (3) deliberate falsification of records. *See* 21 U.S.C. § 823(f); 21 C.F.R. § 1306.04(a). This determination was not "so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *See The Lands Council*, 537 F.3d at 987. Therefore, the DEA properly shifted the burden to Hassman to show that she had accepted responsibility for her actions and taken corrective measures to prevent such misconduct in the future. *See, e.g.*, *Medicine Shoppe-Jonesborough*, 73 Fed. Reg. 364, 387 (Drug Enforcement Admin. Jan. 2, 2008).

The DEA's determination that Hassman had not accepted responsibility nor taken corrective measures was not arbitrary and capricious. *See* 21 U.S.C. § 706(2)(A). None of her proffered statements amount to an admission of wrongdoing; they are nothing more than further denials and claims that she was the unwitting victim of cunning patients. While Hassman offered some evidence of corrective measures, the DEA was entitled to give greater weight to the evidence indicating that Hassman has not learned from or improved upon her past

3

misconduct. *See Idaho v. Interstate Commerce Comm'n*, 939 F.2d 784, 789 (9th Cir. 1991).

The DEA was not required to consider the shortage of pain doctors in determining whether Hassman's registration would be in the public interest. *See Gregory Owens, D.D.S.*, 74 Fed. Reg. 36,751, 36,756-57 (Drug Enforcement Admin. July 24, 2009). Nor do the circumstances of the case and the passage of time make the decision arbitrary and capricious. The decision is not inconsistent with precedent. We reject Hassman's contentions that the DEA acted arbitrarily and capriciously and affirm the decision to reject Hassman's application. *See* 21 U.S.C. § 706(2)(A).

**AFFIRMED.**

4